**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| THOMAS MCDOUGALL, on behalf of himself and others similarly situated, | : : |
| | : **CIVIL ACTION FILE NO.** |
| Plaintiff, | : : |
| v. | : **COMPLAINT – CLASS ACTION** |
| | : |
| 122 INDUSTRIES LLC, | : : **JURY TRIAL DEMANDED** |
| Defendant. | : : |

Plaintiff Thomas McDougall (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . Private suits can seek either monetary or

injunctive relief. *Id.* . . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

2. This case involves a campaign by 122 Industries LLC ("Counter Top") to market its services through the use of telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

3. The recipients of Counter Top's illegal calls, which include Plaintiff and the proposed Class, are entitled to damages under the TCPA, and because the technology used by Counter Top makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff McDougall is and at all times relevant to this action was an individual.

5. Defendant 122 Industries LLC is a Colorado limited liability company.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331.

7. This Court has general personal jurisdiction over Counter Top because the company is located in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Counter Top directed the calls at issue to Plaintiff who received them from this District.

## TCPA BACKGROUND

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14. Defendant Counter Top is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Counter Top offers counter top services.

3

16. Plaintiff McDougall's telephone number, (352) 470-XXXX, has been registered with the National Do Not Call Registry since June of 2022.

17. The Plaintiff McDougall personally registered his number on the National Do Not Call Registry.

18. Plaintiff McDougall uses his cell phone for personal use only. It is not used as a business number.

19. It is the Plaintiff's residential telephone number.

20. It is the Plaintiff's only telephone number.

21. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

22. Despite this, the Plaintiff received the following texts in May, June and November of 2024:

Friday, May 24 • 12:09 PM

Counter Top Epoxy: Our Memorial Day Sale is on! Take 25% off sitewide and get those countertops you've always dreamed of. https://countertopepoxy.smsb.co/8TnpnK

Tap to load preview

Thursday, Jun 27 • 11:32 AM

Counter Top Epoxy: 4the of July Sale starts NOW! Take 25% off sitwide

> Yesterday • 3:44 PM
>
> Counter Top Epoxy: 30% Sitewide during our Black Friday Sale https://countertopepoxy.smsb.co/9tHirM
>
> ↻ Tap to load preview
>
> 3:44 PM

23. Plaintiff McDougall has never had any business relationship with Defendant Counter Top.

24. Plaintiff McDougall was not looking for counter top related products such as the Defendant offers, and has never given his express written consent to Defendant Counter Top to place telephonic solicitation calls to his cell phone.

6

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

26. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from Defendant, (3) within a 12-month period, (4) advertising the Defendant's services (5) at any time in the period that begins four years before the date of filing this Complaint to trial.

27. Plaintiff McDougall is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

28. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

30. This Class Action Complaint seeks injunctive relief and money damages.

31. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

32. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes the Class members number, at minimum, in the hundreds in each class.

33. The joinder of all members of the Class is impracticable due to the size and relatively modest value of each individual claim.

34. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

35. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant made telemarketing calls without first obtaining prior express written consent;
>
> (b) whether Defendant systematically made telemarketing calls to telephone numbers registered with the National Do Not Call Registry;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

37. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

38. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

39. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT I**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

40. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through **[INSERT]** as if fully set forth herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

42. Defendant's violations were negligent, willful, or knowing.

43. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

44. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.  That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA;

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: December 16, 2024                     Respectfully submitted,

*/s/ Anthony I. Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*